UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20613-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YUNIER PEREZ CRUZ,

    Defendant.

_____/

### ORDER MAINTAINING THE STATUS QUO RE: BOND

Presently pending before the Court is the Government's Motion to Stay Bond Pending the Outcome of the Government's Appeal From Magistrate's Order Setting Bond (DE # 91). This matter is referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, United States District Judge (DE # 40).[1] For the reasons stated below, the Motion is granted, in part, to the extent that the Court will maintain the status quo and Defendant will not be permitted to post bond until the disposition of the Motion to Stay.

    I.    **BACKGROUND**

Defendant Yunier Perez Cruz and 11 co-defendants are charged in an Eight-Count Indictment with committing various narcotics trafficking offenses between September 2006 and October 2006 (DE # 1). Specifically, Defendant Perez Cruz is charged with conspiracy to import cocaine and heroin, in violation of 21 U.S.C. § 963 (Count 1); importation of cocaine and/or heroin (Counts 2, 3, and 4), in violation of 21 U.S.C. §

---

[1] Due to lack of clarity in the Local Rules regarding whether a Motion to Stay a bond should be handled in the first instance by the Magistrate Judge who set the bond after a contested hearing, as opposed to the paired Magistrate Judge pursuant to a general order of reference for pretrial proceedings, the undersigned conferred with Judge O'Sullivan, and he deferred to the undersigned Magistrate Judge.

952(a); conspiracy to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846 (Count 5); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 6 and 7); and attempted possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846 (Count 8).  Based upon the quantity of drugs alleged in the Indictment, each of these offenses carries a mandatory minimum sentence of ten years' incarceration and a maximum potential sentence of life imprisonment.

II.     THE DETENTION HEARING

A review of the docket sheet in this case reveals that pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), on August 24, 2010, a hearing was held to determine whether Defendant Yunior Perez Cruz should be detained prior to trial.  The docket sheet and minutes of the proceedings do not reflect whether the government sought detention based on risk of flight or danger to the community, or both.  However, pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

At the conclusion of the detention hearing, the Honorable John J. O'Sullivan, United States Magistrate Judge, denied the Government's request for pretrial detention, and set the following conditions of release: (1)  A $100,000.00 personal surety bond co-signed by the Defendant's daughter, son-in-law, girlfriend, and three additional friends; (2) Surrender all travel documents; (3) Report to Pretrial Services as directed; (4) Maintain or seek full-time employment; (4) No contact with witnesses or co-defendants; (5) No possession of firearms; (6) May not visit commercial transportation establishments; (7) Travel limited to Miami-Dade County; (8) Curfew between 6:00 p.m.

and 5:00 a.m., with electronic monitoring; and (9) Maintain his present residence. In addition, the minutes reflect that the Defendant was not to be released until a land line which could be used for electronic monitoring was installed at his residence.

The Government stated its intention to appeal, and Judge O'Sullivan stayed the Defendant's release on bond through 12:00 Noon on August 25, 2010. The record does not reflect whether a longer stay was sought at that time.

III.     THE GOVERNMENT'S APPEAL AND MOTION TO STAY

The Government filed its Notice of Appeal on August 24, 2010, the same day as the detention hearing (DE # 89). Also on that date, the Government filed the instant Motion to Stay (DE # 91). The Government states that it has ordered a transcript of the Detention hearing in accordance with Local Magistrate Rule 4(a)(2).

To date, no transcript has been filed, and neither the Notice of Appeal nor the Motion to Stay includes any facts or legal analysis. Therefore, the undersigned Magistrate Judge has somewhat limited information to determine whether a stay is appropriate. However, the Indictment establishes probable cause to believe that the Defendant committed the offenses, the Defendant is facing a significant period of incarceration if convicted, and there is a statutory presumption of detention. In addition, the undersigned has access to the pretrial services report which describes the Defendant's background and criminal history.

Based upon a review of the limited information presently available, the undersigned has determined that it is appropriate to grant a further, limited stay of the Defendant's release until the undersigned has an opportunity to review the transcript of the detention hearing, and receive a Memorandum of Law in support of the request for a Stay.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Stay (DE # 91) is granted, in part, to the extent that the Court will maintain the status quo and Defendant will not be permitted to post bond until the disposition of the Motion to Stay. It is further

**ORDERED AND ADJUDGED** that the Government shall file a Memorandum of Law to support its Motion to Stay by 12:00 Noon on Friday, August 27, 2010.

**DONE AND ORDERED** at Miami, Florida, on August 26, 2010.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
The Honorable K. Michael Moore, United States District Judge
Counsel of Record
Pretrial Services