UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20613-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HASIEL GONZALEZ RODRIGUEZ,
REGINALD RICHARD,
ALFREDO BARRETO,
YUNIOR PEREZ CRUZ, and
BALBINO RAMOS,

    Defendants.
_____/

### CORRECTED ORDER GRANTING, IN PART, MOTION TO COMPEL STATEMENTS
(amends dates of motion filing and hearing)

This matter arose upon the Motion to Compel Statements Made by Any and All Co-Conspirators, filed on February 7, 2011, by Defendant Hasiel Gonzalez Rodriguez (DE # 266). By leave of Court, this Motion was adopted by Defendants Reginald Richard (DE ## 271, 298), Alfredo Barreto (DE ## 269, 294), Yunior Perez Cruz (DE ## 300, 301), and Balbino Ramos (DE ## 300, 301). A hearing was held on February 11, 2011, at which time the undersigned granted the motion, in part, and required the Government to provide the Defendants, in writing, a summary of exculpatory information (within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny) provided by any witness. The Government stated that the only statements written or adopted by any of the co-conspirator witnesses were the factual proffers that accompanied their guilty pleas and that these statements had already been received by the Defendants. The *ore tenus* motion for the Court to conduct an *in camera* review of all reports of all debriefings conducted by ICE agents during the course of the

investigation, made by Defendant Richard at the hearing, was denied without prejudice to renew if he developed some reason to believe that the Government had not adhered to its obligations.

## I. BACKGROUND

The above named Defendants and seven co-defendants are charged in an eight-count Indictment with committing various drug trafficking offenses. Six co-defendants have entered guilty pleas and are cooperating with the government. According to the information provided by the government at various pretrial detention hearings and guilty plea proceedings, this case involves the importation of cocaine and heroin from Venezuela to Miami in cargo shipments which arrived at Miami International Airport. The three shipments specifically identified by the Government occurred from September 2006 through October 2006. No arrests were made at the time of these shipments, and the Government's investigation is based primarily upon historical information. During the course of the Government's investigation, various co-conspirators began cooperating, and they recorded conversations with some of these defendants concerning those shipments.

## II. THE MOTION TO COMPEL STATEMENTS

Defendant Gonzalez Rodriguez, as well as the co-defendants who have joined this motion, contend that since this is a historical investigation, the primary evidence against them consists of the testimony of cooperating co-conspirators (DE # 266). Thus, they contend that in order to prepare this case for trial, it is "imperative" that they "obtain copies of the alleged statements of any and all co-conspirators and/or witnesses . . to be able to ascertain at trial whether the government's witnesses have made any prior inconsistent statements that can be used to impeach the government's witnesses" (DE

-2-

# 266 at ¶ 7). The motion emphasizes that "all that is being sought are the actual statements," and not "the government's memoranda, reports or summaries" (DE # 266 at 4).

At the hearing, upon learning that there were no statements made by any witnesses other than the factual proffers that accompanied the plea agreements, counsel emphasized that they were entitled, under *Brady* and its progeny to any statements made by any witness that in any way contradicted a statement made by another witness. The Government argued that the reports of interviews not adopted by the witness were not required to be produced since those reports are not within the scope of the *Jencks Act*; and, that the statement of one witness could not be used to impeach another witness, and it could not be required to produce statements that contained only minor discrepancies as to immaterial matters.

With respect to the request for *Brady* information, the Government advised the Court that it had orally conveyed to defense counsel all inconsistencies with respect to the information provided by each witness. In other words, if a witness made inconsistent statements during the course of debriefings, or provided any arguably exculpatory information, defense counsel had been advised of those facts.

The undersigned agrees with the general proposition stated by the Government. However, the Court cautioned the Government that although the statement of one witness cannot be used to impeach another witness, the defense is entitled to any information from a witness that is exculpatory in the sense that the defense may want to elicit testimony from the witness to contradict another government witness. Thus, to use the Government's example, if two witnesses differ over an immaterial fact; or if one witness was not in a position to observe something which another witness claimed to

see; the Government need not provide that information.  On the other hand, however, if one witness states that a defendant was present at a particular meeting where drugs were discussed, and another witness states that the defendant was not present at that meeting, the Government must provide that information.  *See United States v. Jordan*, 316 F.3d 1215, 1249-57 (11th Cir. 2003).  The Government was cautioned that it must view the evidence from the perspective of a defendant who wishes to challenge the credibility of a witness against him.

As recognized by the Defendants, there is no generalized right in criminal cases to discovery of government reports.  *United States v. Jordan*, *supra.*  Rule 16 of the Federal Rules of Criminal Procedure and the Standing Discovery Order of this Court specify the materials which must be provided to the Defendant.  Those materials include, subject to certain limitations, "that portion of any written record containing the substance of any relevant oral statement made by the defendant," and any "relevant written or recorded statements made by the defendant."  The government is also required to provide any *Brady* information.  Rule 16(a)(2) specifically provides that, except as required by other provisions of the rule, discovery of internal government reports is not authorized by the rule.

Moreover, the Defendant's mere speculation that government files might contain *Brady* information does not justify the *in camera* inspection by the court which was sought during the hearing by Defendant Richard.  This is particularly true in the case at bar, where the Defendant has provided no information to the Court to indicate that the Government has not adhered to its obligations.  As recognized by the Eleventh Circuit Court of Appeals, "Mere speculation that a government file may contain *Brady* material is not sufficient to require a[n] . . . *in camera* inspection . . . . A due process standard

which is satisfied by mere speculation would convert *Brady* into a discovery device and impose an undue burden upon the district court." *United States v. Quinn*, 123 F.2d 1415, 1422 (11th Cir. 1997), *quoting United States v. Andrus*, 775 F.2d 825 (7th Cir. 1985).

Finally, with respect to the request for an Order compelling early production by the Government of statements which fall within the scope of the *Jencks Act*, such statements have already been provided since the only such statements are the factual proffers that have been filed in the public record of this case.

### III.    CONCLUSION

It is understandable why the Defendants would want to know what the witnesses who will testify against them at trial have said to the Government, particularly where the Government's case is built primarily on the testimony of those witnesses. However, such generalized discovery is not permitted under the Federal Rules of Criminal Procedure. With respect to Government witnesses, the Defendants are entitled to know any impeachment material, as required by *Giglio* and its progeny; and, any exculpatory information, as required by *Brady* and its progeny. In addition, under the *Jencks Act*, 18 U.S.C. § 3500, after a witness testifies at trial, the Defendants are entitled to copies of any written or recorded statements made or adopted by that witness.

The Government states that it has complied with these obligations. To ensure that there is no doubt about the oral disclosures made by the Government, however, the undersigned finds that it is appropriate to require the Government to furnish that information in writing. This requirement is underscored by the confusion exhibited at the hearing with respect to certain information which had been verbally furnished to Mr. Ramos' counsel concerning his relationship with witness Maceo.

Therefore, based upon the foregoing analysis, and for the reasons stated on the

record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Compel Statements (DE # 266) is **GRANTED, in part**, to the extent that the Government is required to provide to the Defendants prior to trial, in writing, a summary of exculpatory information (within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny) provided by any witness. The Motion is otherwise **DENIED**.

**DONE AND ORDERED** at Miami, Florida, on February 13, 2011.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
The Honorable K. Michael Moore, United States District Judge
Counsel of Record